## KENT COUNTY.

——•——

DANIEL P. SPENCER, Trustee, *vs.* SCHOOL DISTRICT No. 17 OF
WARWICK.

When a town has been divided into school districts neither town nor town treasurer is
liable to garnishment for a·teacher's wages; at least until an order has been given by
the school committee in favor of such teacher.

ASSUMPSIT. Heard under the following agreement signed by
the attorneys of the litigants.

" 1. School District No. 17, of the town of Warwick, is in-
debted to the plaintiff in the sum of $125, due to said plaintiff
as a teacher of the public school in said district.

" 2. On or about the      day of    , A. D. 1876, suit was
begun against the plaintiff in the Justice Court of the town of
Warwick, by one Oliver P. Matteson, upon a writ of attachment,
which directed, among other things, that the officer should trustee
or attach moneys in the hands and possession of the town of
Warwick due said plaintiff.

" 3. Said attachment was intended to reach the moneys earned
by said plaintiff as teacher in School District No. 17, he being
employed by the trustees of said district as teacher in said town,
and a copy of said writ was served upon the town treasurer of
said town for that purpose, there being no command in said writ
to serve, nor was any copy in fact served, upon any officer of
said District No. 17.

" 4. There were no moneys due from said town of Warwick
to the plaintiff, nor any moneys of his in the hands of said town
either directly or indirectly, except such as were supposed to go
to said plaintiff for his services as teacher of the public school
in said district.

" 5. Said Matteson obtained final judgment against said plain-
tiff in the suit commenced in the Justice Court as aforesaid.

" 6. There was no debt or demand of any kind laid by the
plaintiff against said town other than the supposed claim men-
tioned in § 4 above.

" 7. It is hereby agreed that jury trial be waived, there being no dispute upon any matter except that of the legal effect of the service of a copy of said Justice Court writ upon the town treasurer of said town, for the purpose of attaching or trusteeing the moneys earned by the plaintiff as a public school teacher in said district, and that the legal effect of such service shall be determined by the court.  If the court finds that the said service was of no effect in attaching or attempting to attach the moneys due from said district to the plaintiff, as aforesaid, then the plaintiff shall have judgment for the amount claimed, with his legal costs; but if the court shall find that said service was effectual to attach or trustee said funds, then the plaintiff shall have judgment for the amount of his claim, less the amount of the judgment remaining against him in said Justice Court, with the legal costs therein, and for his legal costs in this court."

*East Greenwich, March* 17, 1877.  PER CURIAM.  The statute provides that moneys appropriated to and raised by the several towns for schools shall be kept by their respective treasurers, subject to the order of their respective school committees.  Gen. Stat. R. I. cap. 47, § 6.  A school committee may give its order either in favor of the trustees or treasurer of a school district, or directly in favor of a teacher.  Cap. 53, § 17.  Teachers, where towns are districted, are employed by the trustees of the districts; Cap. 52, § 1; and neither town nor town treasurer is made liable for their wages otherwise than upon the order of the school committee.  We think, therefore, that where a town is districted neither town nor town treasurer is liable to garnishment in respect of any teacher's wages, until at least an order has been given in favor of such teacher by the school committee of the town.  This does not appear to have been done in the case at bar.  The judgment, agreeably to the agreement, must be for the plaintiff for the full amount of his claim.

*Judgment for plaintiff for $130.63 and costs.*

*Dexter B. Potter*, for plaintiff.
*Charles H. Page*, for defendant.